IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-02717-WDM-MJW

E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,

    Plaintiff,

v.

TEFLON BLOOD, INC., a California corporation,

    Defendant.

## ORDER TRANSFERRING CASE

Miller, J.

This matter is before me on Defendant Teflon Blood, Inc.'s Motion to Dismiss or in the Alternative to Transfer (Docket No. 21). Plaintiff E.I. Du Pont De Nemours and Company ("DuPont") opposes the motion. Defendant seeks dismissal of this case on the grounds that this court does not have personal jurisdiction over Defendant. In the alternative, Defendant seeks transfer of this case to the Central District of California pursuant to 28 U.S.C. § 1404. DuPont contends that personal jurisdiction exists but, if I conclude it does not, the case should be transferred rather than dismissed. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the case will be transferred to the United States District Court for the Central District of California.

### Background

Defendant operates a music label called Teflon Blood Records. DuPont alleges

trademark infringement and other claims for relief based on Defendant's use of the term "Teflon" in its name and marketing. Defendant is a resident of California and has its principal offices in California. DuPont is a Delaware corporation with principal offices in Delaware. There are no significant events or business operations connecting either party to Colorado. The only basis for jurisdiction alleged by DuPont is that Defendant operates a website in which it offers for sale products and services, and that website reaches potential customers in Colorado. Defendant denies that the links for such sales are operational and claims its website is "passive" and therefore insufficient to give rise to personal jurisdiction.

## Standard of Review

In determining whether the exercise of personal jurisdiction over an out-of-state defendant is appropriate, federal courts undertake two inquiries: whether there is a basis for jurisdiction under the forum state's long-arm statute and whether the exercise of that jurisdiction comports with principles of federal due process. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). Because Colorado's long-arm statute reaches "to the fullest extent permitted by the due process clause of the fourteenth amendment to the United States Constitution," *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 459, 448 P.2d 783, 784 (1968), the only issue before me is whether exercising personal jurisdiction over Defendant is consistent with federal due process. *Kuenzle*, 102 F.3d at 455.

Whether the exercise of personal jurisdiction comports with due process is determined under federal law. *SGI Air Holdings II LLC v. Novartis Int'l AG*, 239 F. Supp. 2d 1161, 1163 (D. Colo. 2003). To comport with due process, the plaintiff must show that

the defendant has had adequate minimum contacts with the forum state and that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Determination of the second prong of the analysis, fair play and substantial justice, requires consideration of factors such as: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *AST Sports Science, Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1061 (10th Cir. 2008).

In determining whether to transfer a case to another jurisdiction I undertake a similar analysis as the second prong of the personal jurisdiction test. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties apparently do not dispute that this case could have been filed in the Central District of California. The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). Motions to transfer pursuant to this provision should be determined according to an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (citations omitted). Among the factors a district court should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and

> other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). An action may be transferred under section 1404(a) at any time. *Id.*

Although a plaintiff's choice of forum is given deference, where that forum is not the plaintiff's residence, it is given less weight. *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). Nonetheless, "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

## Discussion

There is a factual dispute regarding whether Defendant's website is interactive or passive and whether this presence gives rise to sufficient minimum contacts to confer personal jurisdiction. I need not resolve these matters because even if I were to conclude that Defendant had adequate minimum contacts, the case should nonetheless be transferred pursuant to either the principles of fair play and substantial justice or the factors relevant to a section 1404(a) analysis.

As noted, this case has nothing to do with the State of Colorado. Neither party has any connection with the state, particularly with respect to the issues in this lawsuit. All of the relevant activities of Defendant appear to be centered in California and any alleged

4

harm to DuPont is no more related to Colorado than any other state. The evidence and witnesses are presumably in California and wherever DuPont maintains its relevant records or has personnel, but not in Colorado. Litigating in Colorado creates an unnecessary burden for Defendant while offering no advantages or convenience for Plaintiff or witnesses. Colorado has no interest in resolving the dispute. Plaintiff can receive adequate and effective relief in California, as it has essentially conceded. Plaintiff has not identified any interstate interest or barrier to just and efficient adjudication presented by either forum. The matters to be litigated concern federal law and so there is no conflict of law issue to be resolved. Given that this is not Plaintiff's home forum, its choice of forum is accorded less weight. Because of the significant factors weighing in favor of litigating this matter in California, and the complete lack of connection to the State of Colorado, I will transfer the case.

Accordingly, it is ordered:

1. Defendant Teflon Blood, Inc.'s Motion to Dismiss or in the Alternative to Transfer (Docket No. 21) is granted.

2. This case shall be transferred to the United States District Court for the Central District of California.

DATED at Denver, Colorado, on May 24, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge